UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
WILLIAM ANTHONY EVANS,

          Petitioner,

         -against-

DANIEL SENKOWSKI, Superintendent
Clinton Correctional Facility,

          Respondent.
----------------------------------------------------X

MEMORANDUM AND ORDER
CV 98-4488

(Wexler, J.)

APPEARANCES:

    WILLIAM EVANS, PETITIONER, PRO SE
    No. 92-A-5030
    P.O. Box 338
    Napanoch, New York 12558-0338

    DENIS DILLON, ESQ., NASSAU COUNTY DISTRICT ATTORNEY
    BY:   MARGARET E. MAINUSCH, ESQ.
           DOUGLAS NOLL, ESQ,
    ASSISTANT NASSAU COUNTY DISTRICT ATTORNEYS
    Attorneys for Respondent
    262 Old Country Road
    Mineola, New York 11501

WEXLER, District Judge

    William Evans ("Evans" or "Petitioner") has previously petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1992 state court convictions on robbery charges. In a decision dated October 12, 1999, (the "October 1999 Order"), the court reserved decision and ordered the parties to submits briefs on what was, at the time, a novel statute of limitations issue. That issue was whether or not the filing of a prior habeas petition

1

tolls the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

After identifying and requesting briefing on this issue, the Second Circuit decided the case of Walker v. Artuz, 208 F.3d 357 (2d Cir. 2000). There, the court held that a prior properly filed habeas corpus petition, dismissed without prejudice, tolls the one-year limitations period under AEDPA. After the decision of the Second Circuit in Walker, this court issued a memorandum and order dated June 30, 2000. The decision held that even assuming the toll, the petition was, nonetheless, untimely.

Petitioner appealed the June 30, 2000 dismissal to the Second Circuit. While the appeal was pending, the United States Supreme Court reversed the Second Circuit's Walker decision, see Duncan v. Walker, 533 U.S. 167 (2001). In Duncan, the Supreme Court held that a petition for habeas corpus relief does not constitute "other collateral review" that tolls the AEDPA period of limitations. In light of the decision in Duncan, the parties entered into a joint stipulation to remand this action.

The Second Circuit order of remand directed this court to consider three specific issues. First, this court was to determine the timeliness issue in light of the Supreme Court's decision in Duncan as well as in light of the Second Circuit case of Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001). Second, if the court continued to conclude that this petition was untimely, the court was to consider whether it remained untimely if the court applied the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988). As a related matter, this court was directed to address burden of proof issues in connection with application of the mailbox rule. Finally, the Second Circuit's

2

remand order directed that, even if the petition was held untimely after consideration of the foregoing issues, this court was to consider whether the petition should be decided on the merits on the ground of actual innocence.

In an October 2002 opinion, this court denied the petition. Specifically, this court held that even assuming application of the "mailbox rule," the application was untimely. The court further held that the time-barred petition should not be heard on the ground of actual innocence. Accordingly, the court denied the request for habeas relief.

On May 22, 2003, the Court of Appeals for the Second Circuit denied petitioner's motion for a certificate of appealability and dismissed his appeal. In doing so, the Second Circuit stated that the habeas petition was untimely filed.

Thereafter, Petitioner moved to set aside the October 2002 order of this court pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Rule 60"). In opposition to the motion, Respondent argued: (1) that the motion should be considered as an impermissible successive petition for habeas relief over which this court lacks jurisdiction and (2) in the event that this court construes Petitioner's papers as a proper Rule 60 motion, the motion is, in any event, without merit. In an opinion dated April 13, 2004, this court construed the request for relief as a motion as made pursuant to Rule 60, and denied the motion.

In January of 2008, Evans made a Freedom of Information Law request for a copy of a notice of entry sent to him in connection with an order of the Nassau County Court in December of 1996 (the 1996 County Court Order"). In response, Evans was provided with a copy of the denial as well as notice of entry dated January 1997. On February 8, 2008, Evans returned to the

3

State Court where he moved to re-argue the Appellate Divisions's 1996 denial of leave to appeal the order of the County Court. On April 3, 2008, the Appellate Division denied the request for reargument.

Petitioner's presently pending motion is similar to the Rule 60 motion he made in 2004. As in 2004, Evans argues that this court must recalculate the finding of untimeliness. This time, Evans argues that because he never received notice of entry of the 1996 County Court Order, the Appellate Division's decision denying leave to appeal that order was void. He concludes that therefore, the AEDPA time limit should have been tolled, at least, until 2008, when the Appellate Division once again denied Petitioner's motion for reargument.

## DISCUSSION

### I. Petitioner's State Conviction and the Denial of the Habeas Petition

Evans was convicted in New York State Court on charges stemming from several bank robberies that took place between November 8, 1989 and February 7, 1990. Petitioner was charged with two counts of first degree robbery, one count of third degree robbery and one count of third degree attempted robbery. After a pretrial suppression hearing, Petitioner was tried and convicted on each count of the indictment. On May 12, 1992, he was sentenced. That sentenced was later vacated by the trial court and Evans was ultimately sentenced, on June 1, 1992, as a persistent felony offender, to four consecutive terms of incarceration of twenty-five years to life.

Familiarity with Petitioner's post-conviction state court and habeas proceedings before this court are assumed. Suffice it to say, for purposes of this opinion, that Petitioner pursued a direct appeal to the Appellate Division of the New York State Supreme Court ("Appellate

Division") and that court affirmed his conviction in all respects. That court did, however, exercise its discretion to modify Petitioner's sentence to four concurrent (as opposed to consecutive) terms of imprisonment of twenty-five years to life. See People v. Evans, 212 A.D.2d 626 (2d Dep't 1995). Evans sought leave to appeal his conviction to the New York State Court of Appeals. That request was denied. See People v. Evans, 86 N.Y.2d 841 (1995).

Petitioner also pursued various collateral attacks on his conviction in the state court. Some were authorized by state court procedure and others, as discussed in this court's October 2002 decision, were not. In any event, this court calculated the passage of time between the finality of Petitioner's state court conviction, and the filing of the relevant habeas petition. As noted above, this court held that Petitioner's habeas proceeding was not timely and it was therefore dismissed.

II. The Present Submission

Petitioner's present submission argues that he was never properly served with notice of entry of the 1996 County Court Order. Despite the facts that this order was appealed by Evans, and that the Appellate Division denied leave to appeal, Evans argues that the denial of appeal was void and that his motion is therefore still pending. Thus, Evans argues that the AEDPA has been, and continues to be, tolled for the last twelve years.

III. The Nature of the Present Motion

Evans has made clear that the currently pending request is made pursuant to Rule 60, and not as a petition for habeas relief. The court will analyze his request, therefore, pursuant to the legal principles of that rule. See Harris v. United States, 293 F. Supp.2d 259, 267 (S.D.N.Y.

5

2003) (where prisoner brings motion after denial of an initial habeas petition, motion deemed a Rule 60 motion where it is "limited to grounds for relief that cannot be characterized as "new attacks on the conviction").[1]

### III. Standards for Granting a Rule 60 Motion

Rule 60(b) allows a district court to exercise its discretion to relieve a party from a final judgment under certain enumerated circumstances. Petitioner here states that he moves pursuant to Rule 60(b)(4) (5) or (6). Thus, he argues that the motion should be granted because this court's earlier decision is void, is no longer equitable or "any other reason justifying relief." See Fed. R. Civ. P. 60(b)(4)(5)(6).

Rule 60 motions are "generally not favored" and granted only "upon a showing of exceptional circumstances." Alvarado v. Manhattan Worker Career Center, 2003 WL 22462032 *2 (S.D.N.Y. 2003), quoting, United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001); see also United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir.1994) (relief under Rule 60 granted only in extraordinary circumstances). Evidence submitted in support of such motions must be "highly convincing," even where the party seeking relief is a pro se litigant. Id. (pro se litigants not excused from "highly convincing" requirement") (citations omitted). These same standards apply where a Rule 60 motion seeks relief from judgment in a habeas proceeding. See, e.g., Jackson v. Walker, 1998 WL 813439 *4 (S.D.N.Y. 1998).

To the extent that the motion can be construed as being based upon the "newly discovered

---

[1] To the extent that this court might has considered Evan's present motion as a habeas petition, it would be dined as a successive petition for the same reasons set forth in this court's April 13, 2004 Memorandum and Order.

evidence" provision of Rule 60, Evans must show that the new evidence could not have been earlier discovered and that such evidence is relevant to the merits of the litigation. See FRCP 60(b)(2) (providing relief only if on newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)). To prevail on such a motion the movant must show, inter alia, : (1) that the newly discovered evidence was of facts that existed at the time of the trial or dispositive proceeding and (2) that the movant was justifiably ignorant of the facts, despite due diligence. Hemric v. City of New York, 2002 WL 1203850 *2 (S.D.N.Y. 2002); Johnson v. Askin Capital Management, L.P., 202 +F.R.D. 112, 114 (S.D.N.Y. 2001).

Where the reason for the Rule 60 motion is "newly discovered evidence," the motion is to be made no more than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1). Motions made pursuant to the subdivisions of Rule 60 pursuant to which Evans states he is moving are required to be made "within a reasonable time." See Fed. R. Civ. P. 60(c)(1).

IV.   Disposition of the Motion

When the above-referenced standards are applied to Petitioner's motion, it is clear that there is no basis to grant relief from this court's earlier judgment. As noted above, Evans' argument is that there is a still-pending motion somewhere in New York State Court that is preventing the running of his AEDPA statute of limitations. Evans' argument that he was never served with notice of entry of the 1996 County Court Order is belied by the facts before the court. First, it is clear that Evans appealed the County Court Order. Evans cannot argue that he was unaware of the County Court Order. Nor can he argue that he was somehow unaware that the

7

Appellate Division denied his motion for leave to appeal the Order on February 27, 1997. Thus, the court concludes that there is no pending state court motion that would toll the already expired AEDPA statute of limitations. The court therefore denies the Rule 60 motion to the extent that it is based on the allegedly pending motion regarding the 1996 County Court Order

Moreover, the present motion must be denied as untimely. This is true whether the motion is construed as one to be made "within a reasonable time," or within one year of the entry of judgment. Here, as in his earlier Rule 60 motion, Evans relies on facts that took place in 1996. Evans has shown his awareness of all phases of the judicial proceedings that affect him. He has set forth no explanation as to why any evidence regarding the 1996 County Court Order could not have been earlier obtained.. It is impossible to characterize judicial action of which Evans was no doubt aware, as newly discovered evidence. Accord Hemric, 2002 WL 1203850 *2 (rejecting newly discovered evidence argument where moving party made no showing that evidence could not have been obtained with due diligence). Evans' motion has not been made within one year of the entry of the judgment sought to be challenged nor within a reasonable time of that judgment.

## CONCLUSION

The motion pursuant to Rule 60(b) is hereby denied. The Clerk of the Court is directed to terminate the motion and to close the file in this case.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
December 8, 2008

8