UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLIAM ANTHONY EVANS,

          Petitioner,

          -against-

DANIEL SENKOWSKI, Superintendent
Clinton Correctional Facility,

          Respondent.
-------------------------------------------------------X

MEMORANDUM AND ORDER
CV 98-4488

(Wexler, J.)

APPEARANCES:

    WILLIAM EVANS, PETITIONER, PRO SE
    No. 92-A-5030
    P.O. Box 338
    Napanoch, New York 12558-0338

    KATHLEEN M. RICE, ESQ., NASSAU COUNTY DISTRICT ATTORNEY
    BY:   DOUGLAS NOLL, ESQ,
            TAMMY J. SMILEY, ESQ.
    ASSISTANT NASSAU COUNTY DISTRICT ATTORNEYS
    Attorneys for Respondent
    262 Old Country Road
    Mineola, New York 11501

WEXLER, District Judge

    William Evans ("Evans" or "Petitioner") has previously petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1992 state court convictions on robbery charges. In a decision dated October 12, 1999, (the "October 1999 Order"), the court reserved decision and ordered the parties to submits briefs on what was, at the time, a novel statute of limitations issue. That issue was whether or not the filing of a prior habeas petition

1

tolls the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In October of 2002, after decisions by the Second Circuit and the United States Supreme Court, as detailed in prior decisions of this court with which familiarity is assumed, the petition was denied as untimely. In addition to denying the petition as untimely, this court held further that the petition should not be heard on the ground of actual innocence. Evans v. Senkowski, 228 F. Supp.2d 254 (E.D.N.Y. 2002). Accordingly, the court denied the request for habeas relief. On May 22, 2003, the Court of Appeals for the Second Circuit denied petitioner's motion for a certificate of appealability and dismissed his appeal. In doing so, the Second Circuit agreed that the habeas petition was untimely.

Petitioner thereafter moved to set aside the October 2002 order of this court pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Rule 60"). In opposition to the motion, Respondent argued: (1) that the motion should be considered as an impermissible successive petition for habeas relief over which this court lacks jurisdiction and, (2) in the event that this court construed Petitioner's papers as a proper Rule 60 motion, the motion is, in any event, without merit. In an opinion dated April 13, 2004, this court construed the request for relief as a motion as made pursuant to Rule 60, and denied the motion.

In 2008, Petitioner made a second motion, similar to the 2004 Rule 60 motion. As in 2004, Evans argued that this court was required to recalculate the finding of untimeliness. In 2008, Evans argued that because he never received notice of entry of a 1996 County Court Order (as detailed in this court's prior opinion), the Appellate Division's decision denying leave to

appeal that order was void. He concluded that therefore, the AEDPA time limit should have been tolled, at least, until 2008, when the Appellate Division once again denied Petitioner's motion for reargument. In a Memorandum and Decision dated December 8, 2008, this court denied Evans' second Rule 60 motion. Evans v. Senkowski, 2008 WL 5191895 (E.D.N.Y. 2008). In January of 2009, this court denied a motion for a certificate of appealability and/or a motion for reconsideration. In June of 2009, the Second Circuit also denied a certificate of appealability and dismissed Evans' appeal.

Presently before the court is a third Rule 60(b) motion filed by Evans. This motion argues that Evans is entitled to relief because of a conflict of interest presented when Evans was represented during certain pretrial proceedings by Richard Wissler, Esq. ("Wissler"), an attorney who, at the time, also served a part-time deputy village attorney for the Village of Freeport. While Evans represented himself at trial, Wissler appeared on behalf of Evans at certain pretrial proceedings and served as standby counsel during Evans' criminal trial in 1996.

The court summarizes Petitioner's prior criminal and collateral proceedings and turns to the merits of the motion below.

## DISCUSSION

I.  Petitioner's State Conviction and Post-Conviction Proceedings

Evans was convicted in New York State Court on charges stemming from several bank robberies that took place between November 8, 1989 and February 7, 1990. Petitioner was charged with two counts of first degree robbery, one count of third degree robbery and one count of third degree attempted robbery. As noted, Petitioner was represented by Wissler during certain

pretrial proceedings, but opted to represent himself at trial. Wissler served a standby counsel during those proceedings. Petitioner was tried and convicted on each count of the indictment. On May 12, 1992, he was sentenced. That sentenced was later vacated by the trial court and Evans was ultimately sentenced, on June 1, 1992, as a persistent felony offender, to four consecutive terms of incarceration of twenty-five years to life.

The court has already noted above Petitioner's federal proceedings. Familiarity with Petitioner's post-conviction state court are assumed. Briefly stated, Petitioner pursued a direct appeal to the Appellate Division of the New York State Supreme Court ("Appellate Division") and that court affirmed his conviction in all respects. That court did, however, exercise its discretion to modify Petitioner's sentence to four concurrent (as opposed to consecutive) terms of imprisonment of twenty-five years to life.   See People v. Evans, 212 A.D.2d 626 (2d Dep't 1995). Evans sought leave to appeal his conviction to the New York State Court of Appeals. That request was denied. See People v. Evans, 86 N.Y.2d 841 (1995). Petitioner also pursued various collateral attacks on his conviction in the state court. Some were authorized by state court procedure and others, as discussed in this court's October 2002 decision, were not.

As noted, Petitioner moved twice before the present application, in 2004 and in 2008, for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Both applications were denied as untimely. Both this court and the Second Circuit declined to issue certificates of appealability.

II.   The Present Submission

Like his 2004 and 2008 submissions, the currently pending request is made pursuant to

Rule 60(b).[1] This motion seeks reconsideration of the denial of the prior motions on the ground that Wissler's pretrial representation of Evans presented a conflict of interest sufficient to deprive Evans of his Constitutionally protected Sixth Amendment Right to Counsel.

Rule 60(b) allows a district court to exercise its discretion to relieve a party from a final judgment under certain enumerated circumstances. Motions made pursuant to Rule 60 are required to be made "within a reasonable time," and under certain circumstances, no more than one year following the entry of judgment. Fed. R. Civ. P. 60(c)(1). Where the reason for the Rule 60 motion falls within subparagraphs (1), (2) or (3) of the Rule, i.e., on the grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, or (3) fraud, misrepresentation, or misconduct by an opposing party, the motion must be made within one year of entry of judgment. Other Rule 60 motions, those made pursuant to Rule 60(b)(4) (5) or (6), i.e., those argued on the ground that an earlier decision is void, no longer equitable or "any other reason justifying relief," must be made within a "reasonable time." Fed. R. Civ. P. 609c)(1).

Rule 60 motions are "generally not favored" and granted only "upon a showing of exceptional circumstances." Alvarado v. Manhattan Worker Career Center, 2003 WL 22462032 *2 (S.D.N.Y. 2003), quoting, United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001); see also United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir.1994)

---

[1] To the extent that this court might has considered Evan's present motion as a habeas petition, it would be dined as a successive petition for the same reasons set forth in this court's April 13, 2004 Memorandum and Order.

(relief under Rule 60 granted only in extraordinary circumstances). Evidence submitted in support of such motions must be "highly convincing," even where the party seeking relief is a pro se litigant. Id. (pro se litigants not excused from "highly convincing" requirement") (citations omitted). These same standards apply where a Rule 60 motion seeks relief from judgment in a habeas proceeding. See, e.g., Jackson v. Walker, 1998 WL 813439 *4 (S.D.N.Y. 1998).

To the extent that the motion can be construed as being based upon the "newly discovered evidence" provision of Rule 60, the movant must show that the new evidence could not have been earlier discovered, and that such evidence is relevant to the merits of the litigation. See FRCP 60(b)(2) (providing relief only if on newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)). To prevail on such a motion the movant must show, inter alia,: (1) that the newly discovered evidence was of facts that existed at the time of the trial or dispositive proceeding and (2) that the movant was justifiably ignorant of the facts, despite due diligence. Hemric v. City of New York, 2002 WL 1203850 *2 (S.D.N.Y. 2002); Johnson v. Askin Capital Management, L.P., 202 +F.R.D. 112, 114 (S.D.N.Y. 2001).

III. Disposition of the Motion

When the above-referenced standards are applied to Petitioner's motion, it is clear that this motion, like those earlier interposed, is untimely and without merit.

First, the motion is denied as untimely. This is true even if the motion is construed liberally as one required to be made "within a reasonable time." Here, as in his earlier Rule 60 motions, Evans relies on facts that took place almost twenty years ago. It is impossible to

characterize information regarding Wissler's part time employment as newly discovered evidence that cold not have been obtained with due diligence. Accord Hemric, 2002 WL 1203850 *2 (rejecting newly discovered evidence argument where moving party made no showing that evidence could not have been obtained with due diligence). Indeed, Evans states that he uncovered facts regarding Wissler's Village employment through the filing of a Freedom of Information Law request. He received that information more than a year before this matter was commenced. Evens sets forth no explanation as to why the Freedom of Information request could not have been made during the decade following his conviction and, indeed there is none. Under these circumstances, and in view of the years that followed the attorneys' allegedly conflicted appearance on behalf of Evans, the Rule 60 motion must be denied as time barred.

Even if the court were to reach the merits of the claim, it is clear that the current claim has nothing to do with the court's earlier decisions regarding the timeliness of Evans' habeas petition. As held repeatedly by this court and as affirmed by the Second Circuit, the petition was dismissed as time barred. There is nothing in the present application that shows any actual innocence or in any way undermines the holding of this court's earlier holdings.

It must also be noted that Evans raised the issue of Wissler's alleged ineffective assistance of counsel in several state court post-trial proceedings. Each such attempt to raise the issue was held to be procedurally barred. Currently, Evans has raised the issue in the state court in connection with his fifth motion to vacate his conviction pursuant to Article 440 of the New York State Criminal Procedure Law. Like his earlier attempts it is likely that the latest Article 440 motion will also be denied as procedurally barred. In any event, the motion currently before this

court is barred in this court has having been made more than one year after entry of judgment and far beyond any reasonable limit of time.

## CONCLUSION

The motion pursuant to Rule 60(b) is hereby denied. The Clerk of the Court is directed to terminate the motion filed under docket entry number 111, and to maintain the closed status of this case.

SO ORDERED

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
September    , 2012