UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
WILLIAM ANTHONY EVANS,

        Petitioner,

    -against-

DANIEL SENKOWSKI, Superintendent
Clinton Correctional Facility,

        Respondent.
-----------------------------------------------------X

MEMORANDUM AND ORDER

CV 98-4488

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP. 22 2014 ★

LONG ISLAND OFFICE

APPEARANCES:

    WILLIAM EVANS, PETITIONER, PRO SE
    No. 92-A-5030
    P.O. Box 338
    Napanoch, New York 12558-0338

    KATHLEEN M. RICE, ESQ., NASSAU COUNTY DISTRICT ATTORNEY
    BY:   DOUGLAS NOLL, ESQ,
    ASSISTANT NASSAU COUNTY DISTRICT ATTORNEYS
    Attorneys for Respondent
    262 Old Country Road
    Mineola, New York 11501

WEXLER, District Judge

    Before the Court is Petitioner's motion under Federal Rules of Civil Procedure, Rule

60(b) ("Rule 60(b)") for relief of this Court's order of September 27, 2012 ("the Order") (docket

entry ("DE") 117). Specifically, Petitioner moves for a certificate of appealability (DE 122) and

moves to have this matter reopened "for the sole purpose of permitting [Petitioner] to request a

certificate of appealability and file a notice of appeal." (DE 123).

    These motions and previous proceedings before this Court arise from Petitioner's

conviction in New York State Court in 1992 on charges connected with various bank robberies

-1-

from late 1989 into early 1990. Familiarity with the earlier proceedings in state court as well as before this Court, much of which is outlined in the Order, is assumed. Those proceedings included decisions by this Court, affirmed by the Second Circuit, denying Evan's habeas petition as being untimely. The Order denied a third motion by Petitioner pursuant to Rule 60(b), seeking relief and/or reconsideration of the prior decisions on the grounds that a conflict of interest existed between Petitioner and his pre-trial counsel, Richard Wissler, Esq., who also served as standby counsel for Petitioner when he represented himself during his criminal trial. Evans had argued his motion was timely because he only discovered the conflict in May 2010 as a result of a Freedom of Information request. Order, at 7. Petitioner now moves (again) under Rule 60(b) claiming that the Order did not grant or deny a certificate of appealability ("COA") as required under Rule 11 of the Rules Governing Section 2254 Cases ("Rule 11").

Rule 11 states that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Second Circuit has held that this requirement applies to an order denying a motion under Rule 60(b) for relief from a judgment denying a habeas petition under § 2254. <u>Kellogg v. Strack</u>, 269 F.3d 100, 103 (2d Cir. 2001), <u>cert. denied</u>, 5356 U.S. 932 (2002). Respondent agrees that this Court should grant petitioner's motion to re-open the matter to either grant or deny a COA, but argues that the COA should be denied. Therefore, as required under Rule 11, the case law and with the consent of Respondent, the Court grants petitioner's Rule 60(b) motion to amend the Order to include a ruling on the COA.

"In order to obtain a COA, the petitioner must make 'a substantial showing of the denial of a constitutional right.'"<u>Kellogg</u>, at 104, quoting 28 U.S.C. § 2253(c)(2). This permits an appeal "only if the appeal has a threshold quantum of merit." <u>Id.</u> (other citations omitted). As

stated by the Second Circuit, in the context of a denial of a Rule 60(b) motion, "a COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Id. (citations omitted).

The Court denies Petitioner a COA in this case. As stated in the Order, the Rule 60(b) motion was denied as time-barred. Petitioner argues that the motion should be granted because he only confirmed the conflict of interest with his counsel as a result of information received in May 2010 as a result of a Freedom of Information request. As this Court noted in the Order, Petitioner "received that information more than a year before this matter was commenced." Order at 7. Indeed, as stated in the papers submitted here, Petitioner acknowledges that he discovered "the factual predicate on May 28, 2010, and [filed] his Rule 60(b)(6) motion on March 13, 2012." See Petitioner's Memorandum of law, at 7-8. The Court finds that "jurists of reason" would not debate that Petitioner's Rule 60(b) motion was untimely, or that in light of the arguments raised by the Rule 60(b) motion, the petition states that a constitutional right has been denied. Kellogg, at 104.

CONCLUSION

The motion pursuant to Rule 60(b) (DE 123) is hereby granted to amend the Order (DE 117) to include a denial of a certificate of appealability. Petitioner's motion for a certificate of appealability (DE 122) is denied. The Clerk of the Court is directed to terminate the motions filed under docket entry number 122 and 123, mail a copy of this decision to the

Petitioner, and to maintain the closed status of this case.

SO ORDERED

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
September 22, 2014